**PACIFIC INTERMOUNTAIN EXPRESS COMPANY and Truck Insurance Exchange, an inter-insurance exchange, Plaintiffs-Appellees,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellant.**

**Nos. 15377, 15413.**

United States Court of Appeals Seventh Circuit.

April 13, 1966.

Rehearing Denied May 17, 1966.

J. V. Schaffenegger, R. E. Dolmetsch, and Jack L. Watson, Chicago, Ill., for appellant.

John M. Moelmann, Thomas J. Weithers, Perry L. Fuller, Chicago, Ill., for appellees.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This suit is based upon a disagreement between two motor vehicle insurers as to their relative liability for the payment of damages growing out of an accident incident to the operation and unloading of a motor truck.

On October 21, 1963, Dohrn Transfer Company (Dohrn), which was insured by Liberty Mutual Insurance Company (Liberty Mutual), was engaged in transporting a crate containing an eighteen hundred pound telephone switchboard from Akron, Ohio, to the Pacific Intermountain Express Company's (Pacific Express) terminal near Chicago, Illinois. The ultimate destination of the crated switchboard was Reno, Nevada. Pacific Express was to transport the crate from Chicago to Reno. Truck Insurance Exchange was the insurer of Pacific Express.

Lilbern Lemons was the driver of the Dohrn truck. He drove the truck to the Pacific Express Company's unloading dock at its terminal near Chicago. The District Court found that Lemons requested an employee of Pacific Express, one Joseph Nograsek, to assist in the unloading. Nograsek brought a fork lift truck owned by Pacific Express to the immediate vicinity of the Dohrn truck.

The fork of the lift was placed under the end of the crate closest to the rear of the truck while Lemons stood in the truck at the other end of the crate. The fork lift then began to back away from the Dohrn truck. The space between the truck and the dock was bridged by a metal plate which had been picked up at the dock and was the property of Pacific Express. When the crate was in a position over the plate, it missed a part of the plate and fell from the fork lift.

Jene Kirkendoll, a driver employed by a third trucking company, was seated on the rear of his truck which was parked adjacent to the Dohrn truck. When the crate fell, it struck him, causing injuries. He filed suit for damages against Pacific Express which tendered the defense of the suit to Liberty Mutual, but that Company declined to accept the defense.

The damage suit was tried and resulted in a judgment of $65,000 in favor of Kirkendoll and against Pacific Express. This judgment was settled by Pacific Express and its insurer for $62,000.

Pacific Express and Truck Insurance Exchange then brought a declaratory judgment suit against Liberty Mutual for the amount of the settlement plus costs and attorneys' fees. The instant case was tried on a stipulation of facts. The District Court entered judgment in favor of Pacific Express and Truck Insurance Exchange in the sum of $67,681.-16, plus costs.

The critical question on appeal is whether Liberty Mutual's policy to Dohrn covered Pacific Express under the facts of this case. To be resolved is the question whether Pacific Express came within the policy's "definition of insured." [1] It is conceded that the unloading of the crate from the truck and on to the dock was the responsibility of Dohrn.

The last sentence of the second paragraph of Liberty's "Definition of Insured" states: "The insurance with respect to any person or organization other than the named insured does not apply: * * * (a) except with respect to an employee of the named insured. * * *" Thus, an employee of Dohrn would not be excluded.

The first question that arises is whether the party seeking coverage under Liberty's policy (Pacific Express) was an employee. It is clear that none of the usual tests of employment are present. Pacific Express was not hired by Dohrn; it could not have been discharged by Dohrn; it was not subject to Dohrn's control. Pacific Express was not, itself, an employee of Dohrn.

But the trial court held that Pacific Express' employee, Nograsek, had been acting as Dohrn's agent at the time of the accident. The Court considered this an important element, saying: "PIE (Pacific Express) is involved here only because one of its employees, at the direction of a Dohrn driver and for the benefit of Dohrn, which had the duty to unload the crate, assisted Dohrn's driver in the unloading process. That employee * * was an agent of Dohrn while he assisted in the unloading of the Dohrn truck and was thereby covered by Liberty Mutual's policy to Dohrn."

Although it is conceded that the unloading of the crate from the truck and on to the dock was Dohrn's responsibility, the precise status of Nograsek is shown by the stipulation of facts: "(10). That Joseph Nograsek, an employee of Pacific Intermountain Express Company, with the permission of the Dohrn Transfer Company, proceeded to cooperate with Lilbern Lemons, the driver of the Dohrn Transfer Company aforesaid, in removing the aforesaid crate from the Dohrn

---

1. "Definition of Insured. As respects such insurance, Insuring Agreement III, Definition of Insured, is replaced by the following:

"With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) except with respect to an employee of the named insured, to any person or organization, or to any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others, with respect to any automobile of the commercial type (1) unless the accident occurs while such automobile is being used exclusively in the business of the named insured and over a route the named insured is authorized to serve by federal or public authority or * * * (3) if such person or organization so engaged is insured under an automobile liability insurance policy which affords coverage for automobiles hired by such person or organization but which does not insure on a direct primary basis the owners of such automobiles and the agents and employees of such owners, while such automobiles are being used exclusively in the business of such person or organization and over a route such person or organization is authorized to serve by federal or public authority; * * *."

Transfer Company truck." The stipulation of facts further demonstrates that Nograsek had not acted at the request of the driver of Dohrn's truck as stated by the Court. The stipulation stated that Nograsek " * * * with the permission of the Dohrn Transfer Company, proceeded to cooperate with Lilbern Lemons, the driver of the Dohrn Transportation's truck. * * * "

Furthermore, the deposition of Lilbern Lemons shows that Nograsek had been summoned by a Pacific Express checker and not "at the direction of a Dohrn driver" as was suggested by the trial court.

The inference is that it was Nograsek who took the initiative in assisting Dohrn and that Dohrn consented to Norgrasek's aid. Furthermore, as hereinbefore stated, Lemons testified, "Well, the checker (employed by Pacific Express) called for a fellow with a finger lift or a lift fork."

■ We hold that Nograsek was neither an agent nor an employee of Dohrn and, therefore, focus our inquiry on the exclusionary conditions in Liberty's policy "Definition of Insured."

It should be kept in mind that Pacific Express is seeking coverage under a policy of insurance that Liberty issued to Dohrn. Obviously, Pacific Express was not a party to that contract. But in this suit, Pacific Express seeks what has been referred to as "gratuitous coverage" under the provision of Liberty's policy designated "Definition of Insured."

We agree with Liberty Mutual's arguments and hold that this provision extends coverage to other "common carriers" (such as Pacific Express) only if the three conditions set out in the provision are met. Since there is no argument concerning the second condition, a(2), only a(1) and a(3) need be discussed.

The first condition necessary for Liberty's policy to extend coverage to a common carrier is that the particular vehicle must have been used exclusively in Dohrn's own business at the time of the accident. There is much force in Liberty's argument that at the time the crate fell, the vehicle being used was in both Dohrn's and Pacific Express' business. This is shown by the fact that the Dohrn truck was being unloaded by a Pacific Express employee, at the direction of a checker employed by Pacific Express while at the Pacific Express terminal. However, as it is agreed that it was Dohrn's obligation to unload the truck, we do not choose to base a reversal in this case on the exclusion contained in the first condition.

■ We hold that the exclusionary language in sub-paragraph a(3) excludes Pacific Express because Pacific Express' own insurance coverage fails to provide protection to Dohrn when Pacific Express is using vehicles owned by Dohrn.

The third condition necessary for Liberty Mutual's policy to extend to a common carrier (Pacific Express) is that the carrier's own insurance policy (issued by Truck Insurance Exchange) protects Dohrn while said common carrier (Pacific Express) is using Dohrn's vehicles.

An examination of the Pacific Express policy with Truck Insurance Exchange reveals that it expressly excludes from its coverage the owners of hired vehicles which would mean exclusion of Dohrn while Pacific Express was using Dohrn's vehicle.

Liberty specifically excluded those organizations which have failed to provide coverage for Dohrn while using Dohrn's vehicles. It is a blanket exclusion and specifically excludes such an organization from any coverage under Liberty's policy.

■ Pacific Express makes some argument that it is only excluded when both sub-paragraphs a(1) and a(3) are called into force. However, the conjunctive "or" is used. We hold that Pacific Express is excluded if either a(1) or a(3) is not met.

The judgment of the District Court must be reversed. Judgment in favor of the defendant should be ordered.

Reversed.